911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harvey PATTERSON, Petitioner-Appellant,
v.
Richard B. GRAMLEY, Respondent-Appellee.
 No. 89-1834.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1990.*
Decided Aug. 28, 1990.
 
 Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and PELL, Senior Circuit Judge.
 
 Order
 
 1
 Harvey Patterson appeals the district court's dismissal of his petition for a writ of habeas corpus. We hold that the district court's analysis was accurate and affirm on the basis of the reasoning in that decision, with one exception. Section IV-B of the district court's decision holds that Patterson did not waive a claim that the state failed to afford him the constitutional right to a speedy trial. Although conceding that the petitioner failed to raise a sixth amendment claim "in express terms" in state court, the court held that petitioner "did present the substance of a constitutional claim in that the claim founded on state law implicates constitutional concerns."
 
 
 2
 Patterson, who was represented by counsel, invoked only Illinois' speedy trial act, Ill.Rev.Stat. ch 38 p 103-5(a). Counsel cited the Illinois statute and Illinois case law interpreting it; Patterson did not invoke the sixth amendment or cite case law interpreting it. Statutory speedy trial rights are distinct from constitutional ones, and it is apparent to us that Patterson did not make a constitutional claim in state court on direct appeal. The state's appellate court invoked this procedural bar and refused to consider the constitutional claim when Patterson sought collateral relief. Since Patterson has not alleged cause for or prejudice from his failure, we may not consider his claim. Williams v. Chrans, 894 F.2d 928, 937 (7th Cir.1990).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record